Order Filed on November 27, 2018 by Clerk U.S. Bankruptcy Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Deutsche Bank National Trust Company, as Trustee for HSI Asset Corporation Trust 2006-HE1, Mortgage Pass-Through Certificates, Series 2006-HE1 | |
| In Re:<br><br>Lawrence A. Casanova,<br><br>Debtor. | Case No.: 18-19464 JNP<br>Adv. No.:<br>Hearing Date: 12/5/18 @10:00 a.m.<br>Judge: Jerrold N. Poslusny, Jr. |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: November 27, 2018**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2
Debtor: Lawrence A. Casanova
Case No.: 18-19464 JNP
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Deutsche Bank National Trust Company, as Trustee for HSI Asset Corporation Trust 2006-HE1, Mortgage Pass-Through Certificates, Series 2006-HE1, holder of a mortgage on real property located at 710 New Jersey Avenue, Mount Ephraim, NJ, 08059, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Jeffrey E. Jenkins, Esquire, attorney for Debtor, Lawrence A. Casanova, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification within six months of the date of this order, or as may be extended by modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the terms of the note and mortgage while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's claim while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.